# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JACOB HENRY BARRETT,

      Plaintiff,

    v.                                     No. CIV 11-1117 BB/CEG

JAMES LOPEZ, ANDRES CARRILLO,
JERRY ROARK, ALFONSO SOLIS,
MR. MCLEROY, DOE NO. 1,
DOE NO. 2, DOE NO. 3,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint Pursuant To 42 U.S.C. § 1983.  Also before the Court are three pending motions (Docs. 5, 7, 9) filed by Plaintiff.  Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.  For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names a number of Defendants and asserts, in ten Counts, that Defendants have denied Plaintiff access to the courts and violated his constitutional freedoms of speech and religion.  Specifically, Plaintiff alleges that Defendants have denied him use of a typewriter and wrongfully enforced policies governing gift subscriptions and certain mail items.  Defendants also have denied him a Kosher diet and access to religious items for observing holidays.  For relief, the complaint seeks damages and injunctive relief.

Defendants' alleged denial of Plaintiff's access to a typewriter does not support a claim under § 1983.  "[I]nmates do not have an absolute right to use a typewriter in connection with the right of access to the courts.  We agree that this claim is frivolous." *Rivera v. Hassler*, 79 F. App'x 392, 394 (10th Cir. 2003) (citing *Twyman v. Crisp*, 584 F.2d 352, 358 (10th Cir. 1978) ("Access to the courts does not include a federally protected right to use a typewriter.").  The Court will dismiss Plaintiff's claims based on this allegation (Counts I-III).

Nor is relief available on Plaintiff's allegations of Defendants' enforcement of a "no-gift-subscription" policy.  According to Plaintiff, this policy prohibits inmates from receiving books that have been paid for by a non-prisoner and sent directly from the seller to the inmate.  Evaluating a similar claim under the standards announced in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987), the Court of Appeals for the Tenth Circuit upheld enforcement of a "no-gift-subscription" policy in *Wardell v. Duncan*, 470 F.3d 954, 962 (10th Cir. 2006).  As stated by the magistrate judge in the underlying district court action,

> The policies in question here ban gift purchases without even looking at content. There is no indication under this regulation that the prison is concerned with suppressing expression, but is instead concerned with increasing safety and alleviating the security issues posed by gift purchases. . . . The restriction . . . simply does not allow [inmates] to receive items purchased by such persons.

*Wardell*, 470 F.3d at 960 (quoting lower court order).  The court in *Wardell* found that the policy served "neutral prison interests," *id.* at 961, and thus satisfied *Turner*'s first factor, *see id.*  The court then determined that, as here, "alternative means [were] open to an inmate for exercising a right restricted by prison regulation," *id.* at 962.  Furthermore, "permitting third-party gifts and then trying to control the resultant security problems through reactive efforts within the prison would pose a burden on staff and resources."  *Id.*  As to the fourth factor, Plaintiff fails to "point to an alternative that fully accommodates [his] rights at de minimis cost to valid penological interests."  *Id.*  Under the analysis in *Turner* and *Wardell*, the Court will dismiss Plaintiff's claims for enforcement of the no-gift-subscription policy (Counts IV-VI).

In support of Counts VII-X, Plaintiff alleges that Defendants Carrillo and McLeroy denied him a Kosher diet and access to certain items necessary for practicing his religion.  He also alleges that Defendant (Warden) Lopez took no action to stop the violations of Plaintiff's rights, and Defendant (Acting Corrections Secretary) Solis contributed to the violations by failing to properly train employees of the corrections department.  Plaintiff makes no allegation that Warden Lopez participated in the alleged violations.  *See e.g., Langley v. Adams County*, 987 F.2d 1473, 1481 (10th Cir. 1993) (rejecting claim that superiors took no action "in the face of constitutional abuses").  Likewise, the conclusory allegation that Defendant Solis failed to train employees contains no factual support or assertion that his actions were "taken with 'deliberate indifference' as to . . . known or obvious consequences."  *Crownover v. City of Lindsay*, No. 99-6346, 2000 WL 1234852,

at *3   (10th Cir. Sept. 1, 2000) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 407 (1997)).  The Court will dismiss Plaintiff's claims against Defendants Lopez and Solis.

Plaintiff also filed a Motion for Temporary Restraining Order (TRO) and Preliminary Injunction (Doc. 7).  In this motion, he alleges that, because he owes the Corrections Department $300, officials have frozen his account pursuant to policy and denied him photocopying privileges. He contends that this prohibition hinders his ability to litigate a number of cases, denying him access to the courts.  "A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine, particularly when as here, there are suitable alternatives." *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980).  "Photocopy access is not an independent constitutional right, but exists only where necessary to the prisoner's right to seek legal redress. . . .  Without a showing of need for copies or a resulting harm, these claims are without merit." *Muhammad v. Collins*, 241 F. App'x 498, 499 (10th Cir. 2007) (citing *Carper v. DeLand*, 54 F.3d 613, 616-17 (10th Cir. 1995); *Lewis v. Casey*, 518 U.S. 343, 349 (1996)).  Plaintiff makes no adequate allegation of injury caused by this policy.  He has made numerous filings in several pending cases and has not, therefore, been denied "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."  *Bounds v. Smith*, 430 U.S. 817, 825 (1977), *quoted in Lewis v. Casey*, 518 U.S. 343, 351 (1996).  The motion for injunctive relief will be denied.

In the Motion to Clarify (Doc. 9), Plaintiff asks the Court to order service of the TRO motion.  Because the TRO motion will be denied, the motion to clarify will be denied as moot.  The Court also will deny Plaintiff's Motion for Court to Take Judicial Notice (Doc. 5).  The motion contains only supplemental factual allegations regarding prison restrictions, and such allegations are

not proper subject matter for judicial notice.  *See United States v. Wolny*, 133 F.3d 758, 764 (10th Cir. 1998); Fed. R. Evid. 201(b)(1), (2).

Plaintiff is reminded that he is required to submit <u>monthly</u> financial information and, when adequate funds are available, to make installment payments toward the filing fee.  *See* 28 U.S.C. § 1915(b).  Failure to comply with this statutory requirement may result in dismissal of the complaint.

IT IS THEREFORE ORDERED that Plaintiff's pending motions (Docs. 5, 7, 9) are DENIED;

IT IS FURTHER ORDERED that Counts I-VI of Plaintiff's complaint are DISMISSED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Lopez, Roark, Solis, and Does 1-3 are DISMISSED; and Defendants Lopez, Roark, Solis, and Does 1-3 are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to send two copies of a post-filing Financial Certificate to Plaintiff;

IT IS FURTHER ORDERED that, as to the remaining Counts VII-X, the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint and this Order, for Defendants Carrillo and McLeroy.

_____
UNITED STATES DISTRICT JUDGE